UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON ABUDUS-SABUR,<br><br>    Plaintiff,<br><br>v.<br><br>LINDA SANDERS, Warden, MEDICAL DIRECTOR OF FMC-ROCHESTER, MN, ASSOCIATE WARDEN OVER SECURITY AND SAFETY PROCEDURES, ALL MEDICAL STAFF AND GENERAL POPULATION STAFF AND ENTIRE MEDICAL DEPARTMENT, F.B.O.P. Director MR. SAMUELS, and UNITED STATES AMERICA,<br><br>    Defendants. | Civil No. 13-2528 (JNE/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, a federal prison inmate, commenced this action by filing a complaint seeking redress for personal injuries that he allegedly suffered while he was previously confined at the Federal Medical Center in Rochester, Minnesota. (See Docket No. 1.) He did not pay the $400.00 filing fee for this case, but instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that Plaintiff is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $3.83.

By order dated October 22, 2013, (Docket No. 5), Plaintiff was instructed to pay his initial partial filing fee of $3.83 within twenty (20) days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b). The deadline for paying the initial partial filing fee for this case has now passed, and Plaintiff has not tendered any fee payment, nor has he offered any excuse for his failure to do so.

On November 4, 2013, Plaintiff filed a document that appears to be, (and will be construed as), a motion seeking leave to file an amended complaint. (Docket No. 6.) However, Plaintiff's motion was not signed, as required by Fed. R. Civ. P. 11, and it is not accompanied by a draft of the proposed amended complaint, as required by Local Rule 15.1. More importantly, because Plaintiff has failed to pay his initial partial filing fee within the time limit prescribed by the Court's last order, he cannot continue to prosecute this action at this time. Therefore, the Court will recommend that Plaintiff's motion for leave to file an amended complaint be denied.[1]

---

[1] As noted in the Court's previous order, it is doubtful that Plaintiff's original complaint states a cause of action on which relief can be granted. It appears that Plaintiff might be seeking an opportunity to cure the shortcomings of his initial pleading by filing an amended complaint. However, nothing in Plaintiff's recent motion suggests that he would be able to state an actionable claim if he were allowed to replead.

Because Plaintiff has failed to pay his initial partial filing fee, it is now recommended, in accordance with the Court's prior order in this case, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for leave to file an amended complaint, (Docket No. 6), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: December 4, 2013

        s/Franklin L. Noel
        FRANKLIN L. NOEL
        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by

filing with the Clerk of Court and serving on all parties, on or before **December 20, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.